**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW SUDESH NARAYAN, | No. 11-72601 |
| Petitioner, | Agency No. A035-213-785 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Andrew Sudesh Narayan, a native and citizen of the United Kingdom,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's removal order denying Narayan's motion to

terminate.  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Morales-Garcia v. Holder*, 567 F.3d 1058, 1061 (9th Cir. 2009), we deny the petition for review.

The agency properly concluded that Narayan's conviction under section 273.5(a) of the California Penal Code constitutes a conviction for a crime involving moral turpitude ("CIMT") because a modified categorical analysis of the record of conviction establishes that Narayan was convicted of inflicting corporal injury upon his spouse. *See United States v. Leal-Vega*, 680 F.3d 1160, 1168-69 (9th Cir. 2012) (holding that a criminal complaint, read together with other judicially noticeable documents, may be considered under the modified categorical analysis if no ambiguity exists in the record of conviction to conclude that the defendant was convicted of a generic federal offense); *Morales-Garcia*, 567 F.3d at 1065 (affirming that spousal abuse constitutes a CIMT).

**PETITION FOR REVIEW DENIED.**